UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| CLARENCE K. WILLIAMSON, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:19cv4(MPS) |
| | : | |
| UNIVERSITY OF CONNECTICUT, | : | |
| Defendant. | : | |

### INITIAL REVIEW ORDER

The plaintiff, Clarence K. Williamson, is incarcerated at the Willard-Cybulski Correctional Institution in Enfield, Connecticut. He has filed a complaint pursuant to 42 U.S.C. § 1983 against the University of Connecticut. For the reasons set forth below, the complaint will be dismissed.

**I.      Standard of Review**

Pursuant to 28 U.S.C. § 1915A(b), the court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* This standard applies when an inmate is proceeding *in forma pauperis* as well as when an inmate has paid the filing fee. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)). Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

## II.  Facts

The court notes that the first page of the complaint includes the following designation: "Title 42 U.S.C. § 1983 Amended Complaint" and also includes the docket number and case caption assigned to a case filed by the plaintiff in state court, *Williamson v. University of Connecticut*, Case No. NNH-cv-17-5038481-S. *See* Compl., at 1. A review of the docket in the state court case reflects that on October 16, 2017, a judge granted a motion to dismiss filed by the University of Connecticut and closed the case. *See Williamson v. University of Connecticut*, Case No. NNH-cv-17-5038481-S (Order granting motion to dismiss, Entry Nos. 102.10, 106.10).[1]

The plaintiff alleges that he has been "warehoused in the custody and care of the Department of Correction since August 1, 2012." *See* Compl. at 4 ¶ 8. On October 25, 2012, Dr. Naqvi, a physician assigned to provide medical treatment to inmates at Walker Correctional

---

[1]  Information regarding this Connecticut civil case may be found on the State of Connecticut's Judicial Branch website at: http://www.jud.ct.gov/jud2.htm under Superior Court Case Look-up; Civil/Family/Housing/Small Claims; Search by Docket Number – using the

2

Institution ("Walker"), reviewed and signed off on an x-ray of the plaintiff's left knee, but recommended no follow-up or examination of the plaintiff's knee. *See id.* at 2 ¶ 4 & at 4 ¶ 10. In 2013, at MacDougall Correctional Institution ("MacDougall"), Dr. Pillai examined the plaintiff in response to his complaints of pain and an inability to fully extend his left knee. *See id.* at 3 ¶ 5 & at 5 ¶ 11. Dr. Pillai recommended no follow-up examination and did not refer the plaintiff for an MRI of his left knee. *See id.* at 5 ¶ 11.

At some point, Dr. O'Hallerin replaced Dr. Pillai as the plaintiff's medical provider at MacDougall and examined the plaintiff's left knee. *See id.* ¶ 12. Dr. O'Hallerin noted the possibility of a tear of the anterior cruciate ligament or of the lateral collateral ligament in the plaintiff's left knee. *See id.* He issued the plaintiff a knee brace and suggested that the plaintiff undergo an MRI of his left knee. *See id.* Dr. O'Hallerin did not follow-up with the plaintiff or schedule or arrange for the plaintiff to undergo an MRI of his left knee. *See id.*

On February 20, 2015, Dr. Pillai replaced Dr. O'Hallerin as the plaintiff's medical provider at MacDougall. *See id.* ¶ 12. On that date, the plaintiff complained of left knee pain. *See id.* Dr. Pillai issued an order that the plaintiff undergo an x-ray of his left knee and verbally acknowledged that an MRI of the knee would be necessary. *See id.* at 5-6 ¶ 13. Dr. Pillai did not schedule or arrange for the plaintiff to undergo an MRI of his left knee. *See id.* at 6 ¶ 13.

At some point before January 20, 2016, Dr. Blumberg became the plaintiff's medical provider at Bridgeport Correctional Center ("Bridgeport CC"). *See id.* ¶ 14. In response to the plaintiff's complaints of left knee pain, Dr. Blumberg submitted a request to the Utilization Review Committee ("URC") for approval of an MRI of the plaintiff's left knee. *See id.* On

---

following docket number: NNH-CV17-5038481-S (Last visited on April 5, 2019).

January 20, 2016, the URC denied the request. *See id.* On January 20, 2017, Dr. Blumberg submitted a second request to the URC. *See id.* On March 3, 2017, the URC approved the request for an MRI. *See id.*

On March 21, 2017, the plaintiff underwent an MRI of his left knee. *See id.* ¶ 15. The MRI reflected: "(1) a chondral defect measuring 2 x 9mm at posterior medical femoral condyle[,] (2) partial thickness fissure[,] (3) non[-]displaced chondral flap[, and] (4) joint effusion/Baker's cyst." *Id.* A medical staffer explained that the results of the MRI indicated "a lack of a well-stretch[ed] hamstring muscle." *Id.*

### III. Discussion

Although the body of the complaint includes allegations against Dr. Syed Johan Naqvi, Dr. Omprakash Pillai, Dr. O'Hallerin, and Dr. Vicki Sara Blumberg regarding medical treatment for the plaintiff's left knee, none of those physicians are listed in the caption of the complaint. *See id.* at 1. Thus, Drs. Naqvi, Pillai, O'Hallerin, and Blumberg are not defendants in this action. *See* Fed. R. Civ. P. 10(a) (requiring identification of all parties in the title of the complaint).

The court considers the allegations against the sole defendant listed in the caption of the complaint, the University of Connecticut. In the first count of the complaint, the plaintiff asserts a violation of his rights under the Eighth Amendment. *See* Compl. at 7. In the second count of the complaint, the plaintiff asserts a violation of his rights under the Equal Protection Clause of the and Fourteenth Amendment. *See id.* Under the third count of the complaint, the plaintiff asserts a state law negligence claim. *See id.* The court notes that in the jurisdictional section of the complaint, the plaintiff makes reference to claims under the Connecticut Constitution. *See* Compl. at 1.

4

To state a cause of action under § 1983, a plaintiff must allege (1) that an individual deprived him or her of a right "secured by the Constitution or laws of the United States" and (2) that the individual did so while acting "under color of state law." *Am. Mfrs. Mut. Ins. Co. v. Sullivan,* 526 U.S. 40, 49–50 (1999). The University of Connecticut, a public state university, is not a person within the meaning of section 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989), (state and "governmental entities," like state agencies, "that are considered arms of the State," are not "persons" within meaning of 42 U.S.C. § 1983). *Id.* at 70-71 (internal quotation marks and citation omitted); *Gaby v. Bd. of Trs. of Cmty. Tech. Colls.*, 348 F.3d 62, 63 (2d Cir. 2003) (*per curiam*) (gathering cases holding that state universities and boards of trustees are not "persons" within the meaning of § 1983); *Mpala v. Gateway Cmty. Coll.*, No. 3:13-CV-01114 (VLB), 2014 WL 2048584, at *4 (D. Conn. May 19, 2014) ("Like other state agencies, Gateway, a public community college, is not a 'person' within the meaning of Section 1983."); *Jain v. Univ. of Connecticut*, No. 3:08-CV-489(WWE), 2009 WL 179811, at *2 (D. Conn. Jan. 22, 2009) ("Because the University of Connecticut is an arm of the State of Connecticut, it is not a person within the meaning of section 1983. Plaintiff cannot, therefore, assert claims against the University of Connecticut pursuant to section 1983."); *Banerjee v. Roberts,* 641 F. Supp. 1093, 1098 (D. Conn. 1986) (finding University of Connecticut was "arm of the state" of Connecticut).

Because the University of Connecticut is not a person, the Eighth and Fourteenth Amendment claims asserted against it under section 1983 are dismissed. *See* 28 U.S.C. § 1915A(b)(1). The court declines to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3) (if federal court dismisses all federal claims, it may decline to

exercise supplemental jurisdiction over supplemental state law claims); *Delaney v. Bank of Am. Corp.*, 766 F.3d 163, 170 (2d Cir. 2014) ("In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well.") (internal quotation marks and citation omitted).

## ORDERS

The court enters the following orders:

**(1)** The Eighth and Fourteenth Amendment claims asserted under to 42 U.S.C. § 1983 against the University of Connecticut are **DISMISSED**. *See* 28 U.S.C. § 1915A(b)(1). The court declines to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3). The Clerk is directed to enter judgment for the defendant and close the case.

**(2)** Because it is apparent that the plaintiff intended to also name Dr. Syed Naqvi, Dr. Omprakash Pillai, Dr. O'Hallerin, and Dr. Vicki Sara Blumberg as defendants, the court will permit the plaintiff **to file a motion to reopen and an amended complaint within thirty (30) days.** The amended complaint must list those defendants in the caption on the first page as well as in the description of the parties and must include factual allegations in the body of the complaint regarding any treatment sought from those defendants for the plaintiff's painful and inflexible left knee and the nature of any treatment provided by those defendants.

The court notes that in the description of the parties in the complaint, the plaintiff asserted that he had been confined at the Osborn Correctional Institution at all times during the incidents/events that he described in the complaint. *See* Compl. at 2 ¶ 3. If in fact the plaintiff was confined at Osborn during the entire period that he describes in the complaint, it is apparent

that Drs. Naqvi, Pillai, O'Hallerin, and Blumberg, who were working at other facilities, Walker, MacDougall and Bridgeport CC, could not have treated him during that period. *See id.* at 2-4 ¶¶ 4-7. Thus, in any amended complaint filed by the plaintiff, he must indicate the dates on which each defendant treated, spoke to, or met with him regarding his knee injury, the facility at which he met with, spoke to, or received treatment from each defendant, the nature of his requests for treatment, and a description of any treatment provided by each defendant. Further, the standard for an Eighth Amendment claim of deliberate indifference to medical needs requires more than a showing of negligence or medical malpractice. Instead, the plaintiff must plead facts showing that "(1) objectively, the alleged deprivation of medical care was sufficiently serious, and (2) subjectively, that the defendants acted or failed to act while actually aware of a substantial risk that serious inmate harm will result." *Washington v. Artus*, 708 Fed. Appx. 705, 708 (2d Cir. 2017) (internal quotation marks and citation omitted). In addition, the amended complaint must contain specific facts showing each defendant's personal involvement in the alleged deprivation. *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled . . . that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted).

**(3)** **The Clerk shall** send the plaintiff an amended complaint form and a copy of the complaint and this order and shall send a courtesy copy of the complaint and this order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

SO ORDERED at Hartford, Connecticut this __17__ day of __April__, 2019.

/s/ MICHAEL P. SHEA
Michael P. Shea
United States District Judge